BENJAMIN B. WAGNER
United States Attorney
MICHAEL M. BECKWITH
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2729

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 06-358 KJM |
| Plaintiff, | |
| v. | GOVERNMENT'S MEMORANDUM REGARDING DEFENDANT'S WAIVER OF COUNSEL |
| JEFFRE SEAN SANDERSON, | |
| Defendant. | |

The defendant has been charged in a petition with violating two supervised release conditions. He wishes to proceed without counsel. He has the right to do so, but his waiver must be voluntary, "knowing, intelligent, and unequivocal." United States v. Farhad, 190 F.3d 1097, 1099-1100 (9th Cir. 1999). In the Ninth Circuit, the "burden of proving the legality of the waiver is on the government." Id. at 1099 (noting that the Ninth Circuit will indulge "every reasonable presumption *against* waiver").

Fortunately, the Ninth Circuit has approved certain procedures to insure the validity of a waiver. See, e.g., Farhad, 190 F.3d at 1099-1100. As such, the government asks that the Court engage the defendant in a waiver colloquy at his next appearance.

"A waiver of counsel will be considered knowing and intelligent only if the defendant is made aware of (1) the nature of the charges against him; (2) the possible penalties; and (3) the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'"  Id. at 1099 (citing United States v. Balough, 820 F.2d 1485, 1487 (9th Cir. 1987) (citing Faretta v. California, 422 U.S. 806, 835 (1975))); see also United States v. Mendez-Sanchez, 563 F.3d 935, 944 (9th Cir. 2009); United States v. Hernandez, 203 F.3d 614, 624 (9th Cir. 2000); United States v. Van Krieken, 39 F.3d 227, 229 (9th Cir. 1994).

Ultimately, "[t]he information a defendant must possess in order to make an intelligent election . . . will depend on a range of case-specific factors, including the defendant's education or sophistication, the complex or easily-grasped nature of the charge, and the stage of the proceeding."  Iowa v. Tovar, 541 U.S. 77, 88 (2004).

In the Ninth Circuit, "the 'preferred procedure' to ensure the validity of a waiver is for the district court to discuss each of the three elements with the defendant on the record in open court," while he is under oath.  Farhad, 190 F.3d at 1099-1100; but see United States v. Erskine, 355 F.3d 1161, 1168 (9th Cir. 2004)("we have never required district courts to recite a particular script when making their inquiry").

In addition to the standard colloquy, in this case, it might make sense to inform the defendant "about the 'core functions' of an attorney that he [will] be expected to perform at [any hearing], as well as the superior ability of a lawyer to handle those tasks."

Id. at 1100.  The defendant should also understand that he will "be expected to ask questions, make arguments, and observe the rules of evidence and courtroom procedure."  Id.  Finally, he should be informed that there are "resources, such as investigators and legal research tools, that are unavailable to him, but which are available to attorneys."  Id.

In addition to being "knowing and intelligent," a valid waiver of the right to counsel must be "unequivocal."  See Van Krieken, 39 F.3d at 229; Adams v. Carroll, 875 F.2d 1441, 1444 (9th Cir. 1989).  In Van Krieken, the Ninth Circuit "found a waiver to be unequivocal where the defendant *repeatedly* expressed to the [district] court his desire to waive his right to counsel, and persisted in waiving his right even after being warned about the dangers and disadvantages of proceeding without an attorney" on multiple occasions.  Farhad, 190 F.3d at 1100 (emphasis added).  More than one discussion regarding the defendant's desire to waive his right to counsel (and the consequences of doing so) will help insure the waiver was "not a 'mere whim or caprice' and was thus unequivocal."  Id. (citing Van Krieken, 39 F.3d at 230).

Finally, prior to the next dispositive hearing, the government will ask the Court to make a factual finding that the defendant's waiver was voluntary, knowing, intelligent and unequivocal, a finding the Ninth Circuit considers "influential."  United States v. Robinson, 913 F.2d 712, 715 (9th Cir.1990).

With all that in mind, the government suggests that the Court discuss the following with the defendant to ensure that his choice to represent himself is knowing, intelligent and unequivocal:
///

(1)  The Court should read the defendant the charges contained in the violation petition;

(2)  The Court should advise the defendant of the maximum statutory penalty, and the suggested guideline range for each violation; and

(3)  The Court should advise the defendant of the dangers and disadvantages of self-representation, including the following:

    (a)  It is alleged that you violated the terms of your supervised release, and the Court feels that it is a gross mistake on your part to reject the services of your counsel and to represent yourself.  However, under the law, you have the right to represent yourself, provided that you convince this Court that you knowingly, intelligently, and unequivocally choose to waive your constitutional right to counsel.

    (b)  The Court wants you to know the importance of having counsel to represent you at the upcoming evidentiary hearing and the subsequent disposition hearing.  Unlike you, a defense attorney has knowledge of, and formal experience with, the Rules of Evidence, Federal Criminal Procedure, the local court rules, substantive case and statutory law, and other legal issues relating to the charges pending before the Court.  Do you understand that?

    (c)  A defense attorney has the ability to conduct legal research, prepare legal documents, and has access to library and research materials, computers, and secretarial services that you do not.  Do you understand that?

    (d)  A defense attorney can conduct investigation on your behalf, interview witnesses, obtain declarations and letters from persons that may be supportive of your position at the upcoming

4

1 hearings.  Do you understand that?
2       (e)  A defense attorney has experience, training, and
3 familiarity with the Sentencing Guidelines, the sentencing factors
4 contained in 18 U.S.C. § 3553(a), and sentencing litigation strategy
5 and tactics.  He or she can also put forth facts and arguments that
6 present you, and your situation, in the best light at time of
7 sentencing.  Do you understand all that?
8       (f)  If you represent yourself, the prosecutor will not
9 give you any assistance, nor will he take it easy on you because you
10 are representing yourself.  Do you understand that?
11       (g)  Moreover, the Court is under no duty and will not
12 provide personal instruction on courtroom procedure or perform any
13 "legal chores" for you that your counsel would normally carry out.
14 Essentially, you are on your own.  Do you understand all that?
15       (h)  Again, the Court strongly advises you against
16 self-representation as you will be required to perform the task and
17 have the knowledge that your counsel would have if he or she
18 represented you at all future hearings.  Do you understand that?
19       (i)  Do you have any questions regarding
20 self-representation?  Having all that in mind, do you still wish to
21 represent yourself without the assistance of counsel?
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

The government offers the above only as a suggestion in advising the defendant of his right to counsel and the pitfalls of self-representation. The government will continue to research this issue. As such, the government may ask the Court to ask additional questions or provide additional information to the defendant as part of the Faretta warnings.

Dated: September 9, 2011　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　BENJAMIN B. WAGNER
　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　By: /s/ Michael M. Beckwith
　　　　　　　　　　　　　　　　　　MICHAEL M. BECKWITH
　　　　　　　　　　　　　　　　　　Assistant U.S. Attorney

　　　　　　　　　　　　　　　　　　Attorneys for the Plaintiff
　　　　　　　　　　　　　　　　　　UNITED STATES OF AMERICA