BENJAMIN B. WAGNER
United States Attorney
MICHAEL M. BECKWITH
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2729

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 06-358 KJM |
| Plaintiff, | |
| v. | GOVERNMENT'S REPLY TO DEFENDANT'S MOTION TO DISMISS |
| JEFFRE SEAN SANDERSON, | |
| Defendant. | |

**INTRODUCTION**

On August 31, 2011, the defendant filed a motion to dismiss the above captioned case and the conviction underlying his pending supervised release petition. He claims the Court lacks "jurisdiction to proceed" because the government "failed to state a claim" upon which the Court can "grant relief." (Def.'s Mot. at 1.)

The defendant also claims he has the power to "challenge the application of the [Controlled Substances Act] as it applies to him." (Def.'s Mot. at 2.) He elaborates on this idea in his declaration, claiming he can challenge his federal conviction because the Controlled Substances Act is "beyond the federal government's enumerated powers and inconsistent with the Tenth

Amendment, as applied" to his particular case. (Def.'s Mot. at 3.) He also claims the government violated Article 1, Section 9 of the U.S. Constitution. (Def.'s Mot. at 2.) The government disagrees with each of the defendant's claims.

## PROCEDURAL BACKGROUND

This case began August 14, 2006, with the defendant's arrest and subsequent indictment for manufacturing and conspiring to manufacture over 100 plants of marijuana. On September 5, 2006, the defendant was arraigned and released on bond. (Ex. 1, Entry 6.)

About a year later, on October 3, 2007, while on pre-trial release, the defendant was found to be manufacturing more marijuana and was arrested a second time (Case Number: 07-307 KJM). He was detained pending trial. (Ex. 2, Entry 2.)

On November 5, 2007, pursuant to a superseding information, the defendant pleaded guilty to manufacturing over 60 kilograms (i.e., over 132 pounds) of marijuana. (Ex. 1, Entry 50.) On November 19, 2007, in light of his plea in his first case, the government dismissed the pending complaint in his second case (case number 07-307 KJM). (Ex. 2, Entry 8.)

On April 18, 2008, the defendant was sentenced to 24 months in prison and a three-year term of supervised release. The defendant was terminated; the case was closed. (Ex. 1, Entry 95.) The Court entered its judgment on April 30, 2008. (Ex. 1, Entry 101.)

The defendant initiated, but later withdrew, an appeal. On November 20, 2008, the Ninth Circuit issued its mandate and order. (Ex. 3.) As such, the judgment in this case became final on February 18, 2009, i.e., 90 days after entry of the Ninth Circuit's judgment. Clay v. United States, 537 U.S. 522 (2003).

**SUMMARY OF THE ARGUMENT**

The defendant's motion to dismiss the case is untimely. More than two years have past since his judgement of conviction became final. The underlying case is closed. While the Court has jurisdiction to adjudicate the pending supervised release violation, it lacks jurisdiction to reopen the case and dismiss the information. See United States v. D'Amario, 412 F.3d 253, 255 (1st Cir. 2005) ("Congress has expressly authorized the district court to retain jurisdiction over and supervise the release of convicted defendants").

The Court does, however, have jurisdiction to consider a motion under 28 U.S.C. § 2255, since the defendant is technically still "in custody." See Matus-Leva v. United States, 287 F.3d 758, 761 (9th Cir. 2002). But, even if the Court were to construe the defendant's filing as a motion under § 2255, the motion should be dismissed on procedural grounds due to the defendant's waiver of collateral attack and failure to file the motion within one year of the judgment of conviction becoming final. 28 U.S.C. § 2255(f)(1).

In the alternative, should the Court determine that it has jurisdiction to reopen the case, or that the defendant's § 2255 motion is not procedurally barred, then the defendant's motion, however construed, should be denied for lack of merit. This Court has jurisdiction to adjudicate violations of Title 21 of the Untied States Code. Moreover, both the Supreme Court and the Ninth Circuit have found the Controlled Substances Act to be constitutional, including the provisions criminalizing the manufacture, possession, use, and distribution of marijuana.

///

**ARGUMENT**

**I. The Defendant's Motion to Dismiss is Untimely**

More than two years have past since the judgement of conviction became final. The Court has long since lost its jurisdiction to modify the defendant's sentence. <u>Marion v. United States</u>, 171 F.2d 185, 186 (9th Cir. 1949). By extension, the Court has also lost its power to act on a motion to dismiss the underlying case and conviction. <u>See</u> <u>United States v. Robinson</u>, 361 U.S. 224, 226 (1960) (rejecting, in the context of Criminal Rules 33, 34 and 35, the idea that the Court's power "lingers on indefinitely"). It seems the district court's jurisdiction is a creature of statute once the judgment of conviction becomes final. Except for 28 U.S.C. §§ 1651 (Coram Nobis) 2241 (Habeas Corpus) and 2255 (Motion Remedy), the government is unaware of any statute that confers jurisdiction upon the district court to consider an attack on a defendant's criminal conviction.

Moreover, as a matter of timing, under Rule 12 of the Federal Rules of Criminal Procedure, motions alleging a defect in the indictment or information must be made before trial. There is one exception: *if a case is still pending*, then the Court may "hear a claim that the . . . information fails to invoke the Court's jurisdiction or to state an offense." FRCP 12(b)(3)(B). This case is no longer "pending" adjudication. It has been closed. As such, the Court lacks jurisdiction to dismiss the information.[1]

---

[1] Notably, a pleading or procedural challenge to a charging document that "fails to invoke the Court's jurisdiction or to state an offense" is different from a substantive, as-applied challenge to the constitutionality of a statute. Rule 12's "still pending" exception applies only to the former type of challenge.

**II. Any § 2255 Motion Is Procedurally Barred**

As a threshold matter, if the Court wishes to construe the defendant's filing as a § 2255 motion (in fact, his first), then it must give the defendant a Castro warning. Before a district court can recharacterize a pleading as a first § 2255 motion, it must: (1) inform the defendant of "its intent to recharacterize;" (2) warn the defendant that "the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions;" and (3) provide "an opportunity to withdraw, or to amend, the filing." Castro v. United States, 124 U.S. 786, 789 (2003).

Any § 2255 motion filed in this case is procedurally barred. First, the defendant failed to file his motion within one year of the entry of final judgement. 28 U.S.C. § 2255(f)(1).

Further, the plain language of the plea agreement included an unconditional waiver of collateral attack. Ex. 1 at 7:4-7:27. A defendant "may affirmatively waive his constitutional rights" without violating due process. United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir. 1990). A waiver of a non-constitutional right, such as a statutory right to collaterally attack a conviction under § 2255, does not violate due process either. Id. A court may strictly enforce "a knowing and voluntary waiver of a statutory right." United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993); United States v. Bolinger, 940 F.2d 478, 480 (9th Cir. 1991); Navarro-Botello, 912 F.2d at 321-22.

The proper enforcement of waivers "serves an important function in a judicial administrative process by 'preserv[ing]' the finality of judgements and sentences imposed pursuant to valid plea agreements . . . ." See United States v. Littlefield, 105 F.3d 527,

5

1  530 (9th Cir. 1997) (Hall, J., Concurring) (quoting United States v.
2  Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996)).
3     Indeed, "[o]nly through the dismissal of [the § 2255 motion]
4  will the government receive the benefit of its bargain" under the
5  plea agreement.  See United States v. Escamilla, 975 F.2d 568, 570
6  (9th Cir. 1992); Littlefield, 105 F.3d at 530.
7     Here, the defendant knowingly and voluntarily waived his right
8  of collateral attack in exchange for the benefit of pleading to a
9  lesser charge.  The plea agreement states in relevant part:

> The defendant also gives up any right he may have to bring a post-conviction attack on his conviction or sentence.  He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or sentence.

Ex. 4 at 7:9-12.  The agreement goes on to state:

> If the defendant ever attempts to vacate his plea, dismiss the underlying charges, or reduce or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the right to do the following: (1) to prosecute the defendant on any of the counts to which he pleaded guilty; and (2) to file any new charges that would otherwise be barred by this plea agreement.  The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.  By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses he might have to the government's decision.

Ex. 4 at 7:13-27.

During the change of plea colloquy, the district court reminded the defendant that by pleading guilty under the agreement he would give up his right of collateral attack.  The defendant acknowledged his waiver.  Ex. 5 at 9:23-11:20; 14:23-15:2.  The defendant's counsel also acknowledged that there had been a knowing and voluntary waiver of collateral attack.  Ex. 5 at 15:3-15:6.
///

As a result of the plea agreement in this case, the defendant received the considerable benefit of being allowed to plead guilty to a lesser charge that did not carry a 60-month mandatory minimum sentence. (Ex. 6.) The government asks this Court to enforce the waiver provision of the plea agreement and give the government the benefit of its bargain. The defendant's motion should be dismissed.

### III. The Defendant's Motion (However Construed) Lacks Merit

The defendant's claim is without merit. This Court has "original jurisdiction . . . [over] all offenses against the laws of the United States." 18 U.S.C. § 3231. The information in this case charged two offenses against the laws of the United States: conspiracy to manufacture and manufacturing marijuana, violations of 21 U.S.C. §§ 846 and 841(a)(1). Both of these statutes are part of the Controlled Substances Act ("CSA"). As mentioned in the footnote above, the analysis of the defendant's claim ends here.

Should the Court disagree, his as applied-challenge to the CSA also lacks merit. The statute to which he pleaded guilty, Section 841(a)(1), is constitutional. In Gonzales v. Raich, the Supreme Court found the CSA's prohibition on the manufacture, possession, use, and distribution of marijuana (even when entirely intrastate, and no matter how trivial) to be a lawful exercise of Congress' power under the Commerce Clause. 545 U.S. 1, 17, 19-20, 22 (2005) ("Given the enforcement difficulties that attend distinguishing between marijuana cultivated locally and marijuana grown elsewhere . . . and concerns about diversion into illicit channels, we have no difficulty concluding that Congress had a rational basis for believing that failure to regulate the intrastate manufacture and possession of marijuana would leave a gaping hole in the CSA.").

The Supreme Court went on, noting the "Supremacy Clause unambiguously provides that if there is any conflict between federal and state law, federal law shall prevail. It is beyond peradventure that federal power over commerce is superior to that of the States to provide for the welfare or necessities of their inhabitants, however legitimate or dire those necessities may be." Id. at 29 (quotations omitted).

In Raich v. Gonzales, the Ninth Circuit followed suit. 500 F.3d 850 (9th Cir. 2007). That court denied Raich's claims under the Fifth and Ninth Amendments, finding that there is no fundamental right to use marijuana. Id. at 866. It also denied Raich's claims under the Tenth Amendment. Id. at 867, 869 ("we hold that the Controlled Substances Act, a valid exercise of Congress's commerce power, does not violate the Tenth Amendment").

This Court has jurisdiction, and a valid offense was stated in the charging document. The defendant's motion should be denied.

## CONCLUSION

For the reasons stated above, the government believes the defendant's motion should either be dismissed or denied. Since a challenge to the district court's jurisdiction can be "fully vindicated on post-judgment appeal," the Court can proceed with the evidentiary hearing scheduled for December 9, 2010. See United States v. Saccoccia, 18 F.3d 795, 800-01 & n.8 (9th Cir. 1994).

Dated: October 21, 2011          Respectfully submitted,

                                 BENJAMIN B. WAGNER
                                 United States Attorney

                            By: /s/ Michael M. Beckwith
                                 MICHAEL M. BECKWITH
                                 Assistant U.S. Attorney

8